UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

    Plaintiff,

v.                                     Case No. 06-C-833

EMISSIVE ENERGY CORP.,

    Defendant.

**ORDER**

This case, known as "ASP II," was brought by the plaintiff for defendant's alleged infringement of two patents that are possibly rendered unenforceable by this court's finding of inequitable conduct as to the progenitor of these patents. Plaintiff now seeks a stay of this action pending its appeal of this court's ruling in ASP I, No. 00-C-1257 and related cases.

Defendant apparently would be happy with a stay if the plaintiff conceded that the patents at issue in this lawsuit depended for their enforceability on the outcome of the ASP I litigation. But plaintiff has not made that concession. Accordingly, Emissive believes it is entitled to move forward with its defense to this action, in particular its declaratory judgment counterclaims. Emissive also notes that Armament has offered to drop this case with prejudice, but Emissive is unwilling to go that route because dismissal would not prevent Armament from suing Emissive in the future with lawsuits based on other patents it owns.

Armament has offered to drop this case with prejudice, and it thus seems a waste of resources to allow Emissive to proceed on its declaratory judgment action as to those patents,

especially if, as Emissive believes, the validity of the patents in suit hinges upon the case now on appeal. Although Emissive has brought declaratory judgment counterclaims with respect to *three* of Armament's patents, Armament cannot be doubted that the outcome of ASP I looms large over the entire action. Nor is there reason to doubt Armament's claim that its financial position renders it unable to fully defend the counterclaims. Perhaps it can offer Emissive some kind of release of all future claims, or give some other assurance that it really wishes to forego all patent litigation against Emissive. In that event, both sides would likely agree to dismiss this action entirely.

For now, however, given the status of ASP I and its importance to this case, I conclude that a stay is in the interest of both parties and the court. I do not find it likely that Armament will continue to bring lawsuits against Emissive. Thus, Emissive's fear of future flashlight patent lawsuits and desire for closure on its counterclaims are not compelling reasons to proceed with this case, at least at this time. In short, I agree with Armament that it does not make sense to proceed apace with this action while the ASP I appeal looms in the background. Accordingly, the motion for stay will be **GRANTED**, and no further discovery is to take place in this case until otherwise ordered by this court. The clerk is directed to administratively close the case. The parties are directed to contact the court in the event a settlement is reached such that the case can be dismissed.

**SO ORDERED** this   2nd   day of May, 2008.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

2